

U.S. Department of Justice

Civil Division

LMP:EBond  
DJ No. 54-20-0177

Telephone: (202) 305-2034  
emma.e.bond@usdoj.gov

Washington, DC 20530

August 6, 2024

Jarrett B. Perlow  
Clerk of the Court  
United States Court of Appeals for the Federal Circuit  
717 Madison Place, N.W.  
Washington, D.C. 20439

      Re:    *HMTX Industries LLC v. United States*, 2023-1891, Response to Plaintiff-Appellant's 28(j) Notice of Supplemental Authority

Dear Mr. Perlow:

The decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), is not pertinent to this case. Construing the Administrative Procedure Act (APA), 5 U.S.C. § 706, *Loper Bright* held that "{c}ourts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires." 144 S. Ct. at 2273. In this case, however, plaintiff-appellants challenge the *President's* direction to modify a prior 301 remedy to China's unfair trade practices, Resp. Br. at 20-23, which is not covered by the APA, *id.* at 19-20, 24, 26 (citing, *e.g.*, *Dalton v. Specter*, 511 U.S. 462 (1994)). Instead, when reviewing "highly discretionary" decisions involving "the President and foreign affairs," this Court asks whether there is "a clear misconstruction of the governing statute." *Solar Energy Indus. Ass'n (SEIA) v. United States*, 86 F.4th 885, 895 (Fed. Cir. 2023) (citations omitted), *petition for reh'g filed*[1]; Resp. Br. at 23-24. *Loper Bright* does not undermine this standard because it does not address action by the President or the President's discretion to act in the area of foreign affairs.

In any event, the Court of International Trade held that the statute *unambiguously* authorized the challenged modification. *In re Section 301 Cases*, 570 F. Supp. 3d 1306, 1329-1334 (Ct. Int'l Trade 2022). Thus, consistent with *Loper Bright*, the trade court exercised independent judgment in holding that the modification complied with Section 307.

Finally, *Loper Bright* recognizes that—consistent with traditional principles of statutory interpretation—statutory terms such as "appropriate" authorize "discretion" and "flexibility." *See Loper Bright*, 144 S. Ct. at 2263. Section 301 authorizes "appropriate and feasible action" to remedy unfair trade practices following a discretionary investigation, 19 U.S.C. § 2411(b)(2), and section 307 allows modification when the initial action is "no longer appropriate," *id.* § 2417(a)(1)(C). The repeated use of "appropriate" when authorizing

---

[1] *See* Opp. Petition Reh'g, *SEIA v. United States*, Fed. Cir. No. 22-1392 (Feb. 21, 2024).

Presidential direction in this area confirms that Congress has committed the matter to Presidential discretion.  *See* Resp. Br. at 19-20, 35-36 (citing, *e.g.*, *Dalton*, 511 U.S. at 474).

Respectfully,

/s/ Emma E. Bond

EMMA E. BOND
Trial Attorney
Commercial Litigation Branch

cc:
    Pratik A. Shah
    Matthew R. Nicely
    Devin S. Sikes
    James Edward Tysse
    Daniel Martin Witkowski
    Joseph R. Palmore
    Joel F. Wacks
    Erik Autor
    Myron Barlow
    John Bowers Brew
    Amanda Shafer Berman
    Weronika Bukowski
    Gregory Husisian
    David A. Hickerson

# **CERTIFICATE OF COMPLIANCE**

The body of this letter contains 350 words and thereby complies with the type-volume limitations of Federal Rules of Appellate Procedure 28(j). The filing has been prepared using a proportionally-spaced typeface.

/s/ Emma E. Bond
Emma E. Bond
*Counsel for Respondent-Appellee*
